# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN GERALD DANIELS, | CASE NO. 1:12-cv-00545 LJO GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE AN AMENDED COMPLAINT |
| v. | |
| K. ALLISON, et al., | (ECF No. 1) |
| Defendants. | AMENDED COMPLAINT DUE IN THIRTY DAYS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to the Americans With Disabilities Act (ADA), 42 U.S.C. § 12132. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

## I.   Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

1  exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S.

2  506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

3  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

4  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

5  grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512.  However, "the liberal pleading

6  standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330

7  n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements

8  of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257

9  (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

10  **II.     Plaintiff's Claims**

11          Plaintiff is an inmate in the custody of the California Department of Corrections and

12  Rehabilitation at the Substance Abuse Treatment Facility at Corcoran.  Plaintiff names as defendants

13  Warden K. Allison, Appeals Examiner C. Hammond, Law Librarian V. Rowell and Correctional

14  Counselor Fauch.  Plaintiff's statement of claim, in its entirety, follows:

15              As a sight impaired inmate, I discovered that there is inefficient
                access to the ADA computer for legal purposes.   CC2 Fauch
16              answered my appeal at the first, and second level.   V. Rowell
                answered my appeal also at the first and second level.   C Hammond
17              answered the appeal at the third level.   Katherine Allison is directly
                responsible for all personnel and subordinates.

18

19  As relief, Plaintiff seeks an order "requiring CSATF facility to observe and follow all statutes and

20  procedures as outlined in the Armstrong Remedial Plan as regarding all ADAs."

21          Title II prohibits discrimination by a "public entity."  A public entity is defined to include any

22  state or local government and any department, agency, or other instrumentality of a state or local

23  government.  42 U.S.C. § 12131(a)(A) and (B).    The remedial scheme of Title II excludes

24  individuals from liability.  Title II directs that its remedies, procedures and rights are those that are

25  set forth in the Rehabilitation Act, 42 U.S.C. § 12133.  The Rehabilitation Act, in turn, directs that

26  the "remedies, procedures and rights" with regard to non-employment matters "set forth in Title VI

27  . . . [42 U.S.C. § 2000d et seq.] shall be available . . . . "

28

1    Regarding the individual defendants, individuals are distinctly excluded from the definitions

2  of programs and activities under Title VI.  42 U.S.C. § 2000d-4.  As a result, individuals acting in

3  their individual capacity are excluded from liability under Title II and are entitled to dismissal.  Such

4  a conclusion is consistent with interpretations of Title I of ADA, which adopts the rights, remedies

5  and procedures set forth in Title VII.  42 U.S.C. § 12117.  Although the Ninth Circuit has not directly

6  ruled on the issue, it must inevitably conclude that  individuals cannot be sued under Title I since it

7  reached the same conclusion with regard to Title VII and the Age Discrimination in Employment

8  Act. 29 U.S.C. § 621 et. seq.;  Miller v. Maxwell's Intern., Inc., 991 F.2d 583, 587 (9th Cir. 1983).

9  Other courts agree that Title VII does not permit suits against individuals.  See EEOC v. AIC

10 Security Investigations, Ltd., 55 F.3d 1276, 1280 (7th Cir. 1995); Washburn v. Sauer-Sundstrand Inc.,

11 909 F. Supp. 554, 556 n. 1 (N.D. Ill. 1995)

12    Regarding Plaintiff's request for injunctive relief, Plaintiff may not pursue any claims for

13 equitable relief for violation of the consent decrees in Coleman v. Davis, CV-S-90-0520 LKK JFM

14 and Armstrong v. Wilson, No. 96-16870 (N.D. Cal.).  Such claims must be pursued through the

15 consent decree or class counsel.  Frost v. Symington, 197 F.3d 348, 358-59 (9th Cir. 1999); Crayton

16 v. Terhune, No. C 98-4386 CRB(PR), 2002 WL 31093590, *4 (N.D. Cal. Sept. 17, 2002).  Although

17 plaintiff may be able to pursue damages claims under section 1983, Hiser v. Franklin, 94 F.3d 1287,

18 1291 (9th Cir. 1996), plaintiff's allegations that defendants violated the Coleman and Armstong

19 consent decrees do not, by themselves, give rise to damages claims under section 1983 for violation

20 of the ADA.  Rather, if plaintiff wishes to pursue damages claims, plaintiff must allege facts that

21 support the claims that defendants violated his rights under the ADA.  See Frost v. Symington, 197

22 F.3d 348, 353 (9th Cir. 1999) (district court characterized inmate's damages claim as one alleging

23 violations of his First Amendment rights as opposed to alleging a breach of consent decree);

24 Coleman v. Wilson, 912 F.Supp. 1282, 1294 (E.D. Cal. 1995) (resolution of issues in Gates v.

25 Deukmejian, No. CIV S- 87-1636 LKK JFM, 1988 WL 92568 (E.D. Cal. 1988) governed by Gates

26 consent decree while issues in instant case governed by standards applicable to claims brought under

27 Eighth Amendment)).  The conclusory allegations set forth in plaintiff's complaint do not support

28 such claims.

**III.      Conclusion and Order**

The Court finds that Plaintiff's  complaint fails to state a claim under section the ADA. Plaintiff may not sue individual defendants under the ADA, and may not pursue any claims for equitable relief for violations of the consent decree in <u>Armstrong</u>.  The complaint must therefore be dismissed.  Plaintiff will, however be granted one opportunity to file an amended complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.      The Clerk's Office shall send to Plaintiff a complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.      Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.      If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:    September 17, 2012             /s/ Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE