UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NORMAN GERALD DANIELS, | ) | 1:12-cv-00545-LJO-GSA-PC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTIONS FOR RECONSIDERATION |
| | ) | (Docs. 17, 19.) |
| vs. | ) | |
| | ) | ORDER EXTENDING TIME FOR PLAINTIFF TO FILE FIRST AMENDED COMPLAINT |
| K. ALLISON, et al., | ) | |
| | ) | |
| Defendants. | ) | NEW DEADLINE: NOVEMBER 15, 2012 |
| | ) | |

**I.    BACKGROUND**

Norman Gerald Daniels ("Plaintiff") is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 9, 2012. (Doc. 1.)

On July 27, 2012, the Court entered an order denying Plaintiff's motion for appointment of counsel. (Doc. 14.) On August 9, 2012, Plaintiff filed objections to the order, and on October 1, 2012, Plaintiff filed additional objections. (Docs. 17, 19.) The Court treats Plaintiff's objections as a motion for reconsideration of the order denying appointment of counsel.

The Court screened the Complaint pursuant to 28 U.S.C. § 1915 and entered an order on September 17, 2012, dismissing the Complaint for failure to state a claim with leave to amend. (Doc.

18.) On October 1, 2012, Plaintiff filed a motion for reconsideration of the Court's order dismissing the Complaint. (Doc. 19.)

Plaintiff's two motions for reconsideration are now before the Court.

## II. MOTIONS FOR RECONSIDERATION

### A. Legal Standard

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

### B. Order Denying Appointment of Counsel

Plaintiff argues that he is entitled to appointment of counsel because he has "extraordinary circumstances" as required under the applicable statute. Objections, Doc. 17 at 1:13-15. Plaintiff explains that he is legally blind and it is extremely hard for him to read or write. Plaintiff is incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California, and lacks adequate access to the law library and the ADA computer, making it difficult to do legal work. He also claims that he

///

is being improperly denied medical devices due to his indigency. Plaintiff has attempted to find legal representation, without success.

Plaintiff has not demonstrated that the Court committed clear error, or presented the Court with new information of a strongly convincing nature, to induce the Court to reverse its prior decision. Plaintiff has not demonstrated that he has the required exceptional circumstances. At this early stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's Complaint was dismissed on September 17, 2012, for failure to state a claim, with leave to amend. To date, Plaintiff has not filed an amended complaint. Thus, there is no complaint on record in this case upon which this case can proceed. It is too early for service of process, and no other parties have yet appeared. Moreover, the Court does not find that Plaintiff cannot adequately articulate his claims or respond to the Court's orders. Plaintiff is advised that he is not precluded from renewing the motion for appointment of counsel at a later stage of the proceedings. Therefore, the motion for reconsideration shall be denied.

### C.     Order Dismissing Complaint With Leave to Amend

Plaintiff disagrees with the Court's assessment of his claims and finds it difficult to comply with the Court's order within the established deadline because it will take time to determine why the Court dismissed the Complaint. Plaintiff's remedy at this juncture is to file a First Amended Complaint, curing the deficiencies in the Complaint identified in the Court's order of September 17, 2012. Plaintiff's case cannot proceed until the Court's requisite screening process is completed. The Court is required to screen complaints such as Plaintiff's for cognizable claims, pursuant to 28 U.S.C. § 1915, and the Court will not order service of process until Plaintiff has filed a complaint containing cognizable claims. Therefore, Plaintiff's motion for reconsideration shall be denied.

In light of Plaintiff's difficulties in meeting the Court's deadline to file the First Amended Complaint, Plaintiff shall be granted additional time in which to prepare and file the First Amended Complaint.

///

///

### III.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for reconsideration of the Court's orders denying appointment of counsel and dismissing the Complaint with leave to amend, filed on August 9, 2012 and October 1, 2012, are DENIED; and

2. Plaintiff is granted an extension of time until November 15, 2012 in which to file a First Amended Complaint in compliance with the Court's order of September 17, 2012.


IT IS SO ORDERED.

Dated:    **October 3, 2012**                      /s/ **Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE

4