UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN GERALD DANIELS, | 1:12-cv-00545-LJO-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM |
| vs. | |
| KATHERINE ALLISON, et al., | (Doc. 25.) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.   BACKGROUND**

Norman Gerald Daniels ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act (ADA), 42 U.S.C. § 12132. Plaintiff filed the Complaint commencing this action on April 9, 2012. (Doc. 1.) On September 17, 2012, the court dismissed the Complaint for failure to state a claim, with leave to amend. (Doc. 18.) On January 10, 2013, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (Doc. 25.)

**II.   SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

### III.   SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility (SATF) in Corcoran, California, where the events at issue allegedly occurred. Plaintiff names as defendants Kathleen Allison (Warden), C. Hammond (Appeals Examiner), V. Rowell (Senior Librarian), Fauch (Correctional Counselor II), and a Doe Defendant (CDCR Associate Information Systems Analyst). Plaintiff's factual allegations follow.

Plaintiff alleges that the computers in the prison law library have not been modified or updated to make them more accessible to ADA inmates. Beginning in June 2010, Plaintiff filed three requests on ADA form 1824, making suggestions for modifications.

The CDCR's Associate Information Systems Analyst (AISA) refused to hear the first request. Defendant Fauch granted the first request at the Second Level of review, causing Plaintiff to expect the institution to modify all of the computers to comply with ADA

requirements, but the institution did not comply.  At the Third Level of review, defendant C. Hammond sent back an inadequate response.

Defendant V. Rowell, Senior Librarian, responded to Plaintiff's second request, stating the institution's policy and telling Plaintiff that if the modifications were made, Plaintiff would be receiving "access above and beyond" what the other inmates were receiving. (Doc. 25 at 6:1-3.)  Defendant Fauch responded at the Second Level of review but did not address the underlying theme of Plaintiff's issues.  Defendant C. Hammond responded at the Third Level of review, claiming that Plaintiff was already receiving effective access to the computers.

Defendant Rowell interviewed Plaintiff about his third request and partially granted the request, but Plaintiff appealed the decision.  Mr. Fouch's response at the Second Level merely mimicked Rowell's decision.  At the Third Level of review, the Appeals Examiner merely mirrored the first and second level responses.

On February 19, 2011, Plaintiff initiated correspondence with defendant Kathleen Allison (Warden) about the accessibility issues but did not receive a response.

Plaintiff requests monetary damages and injunctive relief.

## IV.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."  Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the

3

Constitution or federal law.  <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury."  <u>Johnson</u> at 743-44).

## A.     ADA Claim

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability."  <u>Lovell v. Chandler</u>, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity."  42 U.S.C. § 12132.  Title II of the ADA applies to inmates within state prisons.  <u>Pennsylvania Dept. of Corrections v. Yeskey</u>, 118 S.Ct. 1952, 1955 (1998); <u>see also</u> <u>Armstrong v. Wilson</u>, 124 F.3d 1019, 1023 (9th Cir. 1997); <u>Duffy v. Riveland</u>, 98 F.3d 447, 453-56 (9th Cir. 1996).  "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability."  <u>Lovell</u>, 303 F.3d at 1052.

Individual liability is precluded under Title II of the ADA.  Therefore, any claim Plaintiff might intend to make under the ADA against any of the Defendants as individuals is not cognizable.  Moreover, The Court finds Plaintiff's allegations to be vague.  Plaintiff refers to various ways the law library computers could be made more accessible, especially to visually impaired inmates, but he does not specifically allege facts indicting that he is a qualified individual with a disability, or what specific service, program or activity he has been

improperly excluded from, and denied the benefits of, based upon that disability. Armstrong, 124 F.3d at 1023. Thus, Plaintiff fails to state a claim under the ADA.

### B.     Due Process Claim

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property, and those who seek to invoke its procedural protection must establish that one of these interests is at stake. Wilkinson v. Austin 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005). The plaintiff must also show that he was deprived of the interest, and that the procedures that led to the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-460, 109 S.Ct. 1904 (1989); McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir.2002).

Plaintiff contends that his right to "life" is being violated by the Defendants, because by refusing to modify the computers in the library to make them more accessible to ADA inmates, they are not providing Plaintiff with equal and effective access to the life functions of reading and writing. Plaintiff acknowledges in the complaint that the law library contains at least one computer (ADA computer) which was modified to be more accessible to ADA inmates. (Amended Complaint, Doc. 25 at 4:19-22.) The gravamen of Plaintiff's complaint is that his rights are being violated because *all* of the computers in the law library have not been modified or updated.

Plaintiff has not shown that he has a legally protected interest in access to all of the computers in the prison law library. Even if Plaintiff had such an interest, he has not shown that he was deprived of such interest without sufficient due process. Therefore, Plaintiff fails to state a cognizable due process claim.

### C.     Denial of Access to Courts

While Plaintiff has a constitutional right to access the courts, the interferences complained of by Plaintiff must have caused him to sustain an actual injury. Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002) Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174 (1996); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009); Jones, 393 F.3d at 936. The absence of an injury precludes an

access claim, and Plaintiff's complaint is devoid of any facts suggesting any injury occurred. Harbury, 536 U.S. at 415-16; Jones, 393 F.3d at 936. Therefore, Plaintiff fails to state a claim for denial of access to courts.

## V.     CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the Court finds that Plaintiff fails to state any cognizable claims in the First Amended Complaint upon which relief may be granted under § 1983 or Title II of the Americans with Disabilities Act. The Court also finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff was previously granted leave to amend the complaint, with guidance by the court, and Plaintiff has now filed two complaints that fail to state a claim.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action be DISMISSED in its entirety for failure to state a claim upon which relief may be granted under § 1983 or Title II of the Americans with Disabilities Act; and

2. This dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **September 19, 2013**                    **/s/ Gary S. Austin**
                                                       UNITED STATES MAGISTRATE JUDGE