UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN GERALD DANIELS, | 1:12-cv-00545-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION AND DENYING MOTION TO FILE A LATE NOTICE OF APPEAL |
| vs. | |
| KATHERINE ALLISON, et al., | (ECF No. 40.) |
| Defendants. | |

## I. BACKGROUND

Norman Gerald Daniels ("Plaintiff") is a state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132.

This case was dismissed on February 21, 2014, with prejudice, for failure to state a claim, subject to the "three strikes" provision of 28 U.S.C. § 1915(g). (ECF No. 33.) Judgment was entered by the Clerk on February 21, 2014. (ECF No. 34.) On April 12, 2017, Plaintiff appealed the judgment to the Ninth Circuit Court of Appeals. (ECF No. 35.) On May 16, 2017, the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction because it was untimely filed. (ECF No. 38.) On June 7, 2017, the Ninth Circuit issued its mandate. (ECF No. 39.)

On October 23, 2017, Plaintiff filed a motion titled "Motion to Request Permission to Reopen Case or Permission to Appeal." (ECF No. 40.) Plaintiff requests the court to reopen this case or issue an order granting him leave to file a late appeal to the Ninth Circuit Court of Appeals. The court construes Plaintiff's motion to reopen the case as a request for reconsideration of this court's judgment.

Plaintiff's motion for reconsideration and motion for leave to file a late appeal are now before the court.

## II.     MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134

F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Plaintiff's case proceeded on claims that he was not provided with the proper accessibility software on the prison library's legal computers in order to afford him equal and effective access to the courts. Plaintiff argues that his case has merit and he should have been allowed to amend the complaint to make the corrections needed to state a claim. Plaintiff requests that his case be reopened and merged with his case Daniels v. Sherman, case 1:16-cv-01313-BAM-PC (E.D. Cal.).[1]

The court has reviewed the record for this case and finds Plaintiff's arguments unpersuasive. Here, Plaintiff has not set forth facts or law of a strongly convincing nature in his motion for reconsideration to induce the court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied.

### III. MOTION FOR LEAVE TO FILE LATE APPEAL

Plaintiff argues that he should be permitted to file a late appeal because he was unaware of the deadline for filing an appeal and did not know about filing a motion for extension of time at the district court. Plaintiff asserts that he is visually impaired and the prison failed to provide him with the means to access the courts, in violation of the ADA.

Under Rule 4(a) of the Federal Rules of Appellate Procedure, the notice of appeal in this civil case was required to be filed within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). Judgment was entered on February 21, 2014, and therefore the notice of appeal was due on or before March 23, 2014. District courts have limited authority to grant an extension of the thirty-day time period. Bowles v. Russell, 551 U.S. 205, 208, 127 S.Ct. 2360, 2363 (2007). Rule 4(a)(5) of the Federal Rules of Appellate Procedure provides the court's authority to extend the time in which a party may file a notice of appeal. Rule 4(a)(5) provides:

---

[1] This case was dismissed on March 20, 2017, as barred by res judicata. (ECF No. 18, case 1:16-cv-01313-BAM-PC (E.D. Cal.).

**(A)** The district court may extend the time to file a notice of appeal if:

**(i)** a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

**(ii)** regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

**(B)** A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

**(C)** No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

Rule 4(a)(5) does not provide a basis for the court to allow a late appeal in this case. Plaintiff has not shown that he filed his appeal, or motion for additional time within which to appeal, within the statutory 30-day filing period. Rather, Plaintiff first filed his notice of appeal more than three years after the Clerk of Court entered judgment. Accordingly, the court has no power to provide Plaintiff with additional time in which to appeal pursuant to Rule 4(a)(5).

There is one other rule that allows for late appeals. If certain conditions are met, the court has the statutory authority to grant motions to reopen the time for filing an appeal for 14 days. 28 U.S .C. § 2107(c). Rule 4(a)(6) of the Federal Rules of Appellate Procedure provides the court's authority to reopen and extend the time for filing a notice of appeal after the lapse of the usual 30 days. Rule 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Here, Rule 4(a)(6) provides no assistance to Plaintiff. Plaintiff's claim is that he lacked knowledge to timely file a notice of appeal. Plaintiff does not claim that he did not receive notice of the court's entry of judgment. The purpose of Rule 4(a)(6) is only to soften the harsh penalty of losing one's right to an appeal because of the court's failure to notify a party of a judgment, not to allow parties' to file late appeals. Arai v. American Bryce Ranches, Inc., 316 F.3d 1066, 1070 (9th Cir. 2003). Thus, the court has no power to reopen the time in which to appeal pursuant to Rule 4(a)(6).

Plaintiff also requests the court allow him to file a late appeal due to his impaired vision and the prison's failure to adequately assist him. While the court is not unsympathetic to Plaintiff's argument, this court has no ability to allow a late appeal based on this equitable argument. Filing an appeal within the prescribed time is mandatory and jurisdictional. Bowles, 127 S.Ct. at 2363; Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam). Because the timely filing of a notice of appeal in a civil case is a jurisdictional requirement, there is no equitable exception to this jurisdictional requirement. Id. at 2366; Magtanong v. Gonzales, 494 F.3d 1190,1191-92 (9th Cir. 2007). Thus, this court has no ability to allow Plaintiff to file an appeal at this late date.

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration and motion to file a late appeal, filed on October 23, 2017, are DENIED

IT IS SO ORDERED.

    Dated: __**October 25, 2017**__            _____/s/ Lawrence J. O'Neill_____
                                                             UNITED STATES CHIEF DISTRICT JUDGE